DANIEL F. BEAN *vs.* ATLANTIC & ST. LAWRENCE RAILROAD COMPANY.

*Case—damages.*

Where, in an action under R. S., c. 51, § 31, to recover damages for property injured by fire, communicated by a locomotive engine, the plaintiff has an absolute title to the whole property destroyed, he may recover for the whole injury although he held the title as security for a debt, and had agreed, that, upon payment of the debt, he would reconvey.

And where the plaintiff had a policy of insurance upon a building thus destroyed, and, upon payment of the amount of the debt for which he held the property as security by the insurers, he assigned to them the statute claim with a stipulation on their part, that any excess recovered by the insurers, beyond the amount paid to him by them, should belong to him,—the insurers may recover, in the name of the plaintiff, for the whole injury.

ON EXCEPTIONS.

CASE under R. S. of 1857, c. 51, § 38 (R. S., c. 51, § 31), to recover the value of a building destroyed by fire communicated, as alleged, by a locomotive engine of the defendants.

It appeared that the plaintiff held the legal title of the property, at the time of the loss, by an absolute deed from his son, Alpheus S. Bean; that this conveyance was, in fact, made to secure a debt of six hundred dollars due from the grantor to the plaintiff, under an agreement that, upon payment of that sum, the property should be reconveyed.

It further appeared, that, at the time of the fire, there was a subsisting policy of insurance on the building, for the sum of six hundred dollars, issued by the Ætna Insurance Company, in favor of the plaintiff; that after the loss, and before the commencement of this action, the insurance company had paid the plaintiff the six hundred dollars insured and taken from him an assignment in writing, of his claim under the statute, against the defendants, with a stipulation therein, that any excess recovered beyond that sum should belong to the plaintiff. And at the trial, on motion of the defendants, the name of the insurance company was indorsed on the writ as assignee.

It also appeared that the building, at the time of the loss, was worth nine or ten hundred dollars.

The defendants requested the presiding judge to give such instructions, as he might deem appropriate, respecting the amount which the plaintiff might recover, if anything, with reference to the several interests of the nominal plaintiff, the insurance company, and the plaintiff's grantor.

The presiding judge instructed the jury that if they should be satisfied that the loss of the building was caused by fire communicated by the defendants' locomotive engine, their verdict should be for the plaintiff as if no other parties in interest were disclosed; and for such sum as they should find the building was worth at the time of the loss.

The verdict was for the plaintiff, for seven hundred and seventy-five dollars; and the defendants alleged exceptions.

*P. Barnes*, in support of the exception.

"When a building . . . is injured by fire, communicated by a

locomotive engine, the corporation using it is responsible for such injury." R. S. of 1857, c. 51, § 38.

To make this responsibility effectual, there must be a party, by whom the " injury " is sustained, and one who holds such relations of title to the property as the law can recognize.

Derelict property could not be compensated for under this statute. And there are various kinds of interests which a party might have, in property so destroyed, which would not entitle him to the remedy under this statute.

The insurance company may recover the loss it has paid, which is, in fact, the " injury " it has sustained. This recovery may be either by right of subrogation, or, as in this case, by contract with the nominal plaintiff.

The insurance company could not recover, for itself, any more than a compensation for its own " injury."

The agreement between the insurance company and the plaintiff, relating to the excess, is of no effect as against the defendants, because neither had any power to help the other to a large sum.

The nominal plaintiff sustained " injury " only to the amount of his debt, which has been fully paid. He cannot, by assignment, authorize the plaintiff in interest to recover any more. If either could recover more, it would be profit and speculation and not an equivalent for the " injury " sustained.

Although the plaintiff's title was absolute in form, it was but a security title in fact; and six hundred dollars being the extent of his interest in the property, it was the exact measure of his " injury " sustained.

This case is one of statutory insurance; and the liability, as in the case of contract insurance, is only for the loss sustained by the party who brings the suit. And as between the nominal plaintiff and these defendants, the former is limited to strict compensation for his " injury."

No recovery can be had for the plaintiff's grantor, because (1) he has no interest and hence has sustained no " injury;" or (2) because his interest is not such as can be vindicated by the law, by

suit in the name of his grantee. There is no right of subrogation, nor any analogous right between those parties.

*D. Hammons*, for the plaintiff.

KENT, J. The corporation was liable for the injury, the whole injury. The plaintiff had an absolute title to the whole property destroyed. The facts that he actually held the title as security for a debt and had agreed that upon payment of the debt he would reconvey, cannot affect his right to recover for the whole injury. If a man has given a bond to convey a house, upon payment to him by his obligee of a sum named, the title remains unaffected until payment and conveyance; and if insured and burned he may recover the amount of his insurance. And so under R. S. of 1857, c. 51, § 38, he may recover for the injury to his estate, whatever it is. No one else certainly can. If he recovers more than the amount of his debt, it is a matter to be adjusted between him and his debtor. The corporation has no interest and no right to interpose this as an objection to a recovery for the whole injury.

It was held in the case of *Hart* v. *Western Railroad*, 13 Met. 106, that where the owner has received from the insurers the sum insured upon the building, and that sum is equal to the whole value of the property, he holds the whole claim against the railroad in trust for the insurers, and he cannot refuse or prevent the use of his name, by the insurers, in a suit to recover the amount of the injury from the railroad, nor can he release or discharge such action. See, also, *Concord M. Ins. Co.* v. *Woodbury*, 45 Maine, 447.

But in this case, the plaintiff has made an assignment to the insurance company, and interposes no objection to the suit.

We see no reason why the action in his name may not be sustained for the whole injury. The division of the money, paid on the judgment, is of no consequence to the defendants. There can be but one action by or in the name of the plaintiff, and in that all the injury may be recovered. *Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; WALTON, BARROWS, and DANFORTH, JJ., concurred.